circumstances, were calculated to injuriously affect the rights of the accused. See House v. State, 19 Tex.App. 227; Pierson v. State, 18 Tex.App. 524; Mooney v. State, 76 Tex.Cr.R. 539, 176 S.W. 52; Patterson v. State, 141 Tex.Cr.R. 204, 147 S.W.2d 784.

In determining whether the argument of State's counsel constitutes reversible error, the facts must of necessity be looked to, especially when the argument complained of violates no statutory or mandatory rule or when no new fact is injected into the case. See Jordan v. State, Tex. Cr.App., 164 S.W.2d 680.

In the instant case, the appellant admitted that he struck and killed the little girl with his automobile. He also admitted that he did not stop and render any aid, which established his guilt. The jury did not assess the maximum punishment provided by law for such offense but were rather lenient with him. Consequently the remarks did not injuriously affect his legal rights.

■ By Bill of Exception No. 9 appellant complains of the following remarks of the District Attorney: "Gentlemen of the Jury, you can see that this boy has violated the law before and has been in a lot of trouble; you can not consider this in your deliberations for any purpose except as affecting his credibility as a witness."

We see no impropriety in the 'remarks complained of. There was evidence introduced which showed that on two different occasions appellant had been legally charged with an offense involving moral turpitude, and it was proper for the District Attorney to admonish the jury that they could consider it only as affecting the appellant's credibility as a witness and for no other purpose.

Finding no reversible error in the record, the judgment of the trial court is in all things affirmed.

PER CURIAM.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

On Motion for Rehearing.

BEAUCHAMP, Judge.

■ We have reviewed the record in the light of appellant's motion for rehearing and believe that the original opinion fully discusses the case as well as reaches the correct conclusion. The law requires that a party stop and render aid; and the fact, as presented in the motion for rehearing, that the party chooses to go without stopping to secure aid from the hands of another, would not meet the requirements of the law. Whether or not this would be good judgment under the facts is not the question for consideration for the Legislature has precluded us from doing so when it passed the act under which this prosecution is brought.

The original opinion expresses the writer's views on the other matters found in the motion for rehearing.

Appellant's motion for rehearing is accordingly overruled.

## WILSON v. STATE.
### No. 22488.

Court of Criminal Appeals of Texas.
April 28, 1943.

Percy Foreman, of Houston, for appellant.

Spurgeon E. Bell, State's Atty, of Austin, for the State.

HAWKINS, Presiding Judge.

Conviction is for an aggravated assault, punishment being a fine of fifty dollars.

No statement of facts or bills of exception are brought forward. In this condition nothing is presented for review.

The judgment is affirmed.